IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margarita Lopez, | No. CV 09-109-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Pima County, et al., | |
| Defendants. | |

Pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Velasco which recommends denying in part and granting in part Defendants' motion for summary judgment. Magistrate Judge Velasco recommends denying the motion in part as material issues of fact exist on the issue of whether Plaintiff was disabled as defined by the ADA. However, Magistrate Judge Velasco recommends granting the motion in part as no material issues of fact exist on the issue of whether Plaintiff has established a *prima facie* case of ADA retaliation. As the Court finds that the R & R appropriately resolved the motion for summary judgment, the parties objections are denied.[1]

---

[1] The Court reviews de novo the objected-to portions of the R & R, and reviews for clear error the unobjected-to portions of the R & R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). As to the ADA retaliation claim, the Court notes that Defendant correctly argues (Doc. 152) that Plaintiff's objection to the R & R exclusively raises arguments and cites portions of the record that were never properly presented to Magistrate Judge Velasco in specifically opposing summary judgment as to the retaliation claim; these issues could have been timely raised before Judge Velasco, but Plaintiff failed to do so. As such, the Court exercises its discretion and declines to consider these new matters presented for the first time in the objection to the R & R. *See U.S. v. Howell*, 231 F.3d 615, 621-23 (9th Cir. 2000). Alternatively, as Defendants correctly argue (Doc. 152), even if Plaintiff had properly presented her new arguments to avoid dismissal of the retaliation claim to Magistrate Judge Velasco, Plaintiff failed to properly plead these matters in her Complaint, and therefore Defendants did not have proper notice that such allegations purportedly served as a basis for Plaintiff's retaliation claim. *See Pickern v. Pier 1*

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Magistrate Judge Velasco's Report and Recommendation (Doc. 148) is accepted and adopted. The referral of the case to Magistrate Judge Velasco is withdrawn.

(2) Defendants' motion for summary judgment (Doc. 126) is denied in part and granted in part.

(3) The parties shall file a proposed Joint Pretrial Order **on or before 9/16/11**, which shall include, but not be limited to, that prescribed in the form of Joint Pretrial Order attached. Motions in limine shall be filed no later than the date of filing the proposed Joint Pretrial Order. Responses to motions in limine are due 14 days after the filing of the motion. **Unless otherwise ordered by the Court, no replies are permitted and motions in limine and responses thereto shall not exceed five pages**. Typically, after the Court has issued an Order addressing motions in limine, the Court will hold a status conference with the parties to discuss dates for the trial, pretrial conference, and the filing of proposed jury instructions, voir dire and verdict forms.

(4) Any motion, pleading, or other document which is submitted with more than one exhibit must be accompanied by a Table of Contents; any exhibits must be indexed with tabs which correspond to the Table of Contents. Courtesy paper copies of all filings must be mailed to chambers (LRCiv 5.4); any motion, pleading, or other document which is submitted with more than one exhibit must be accompanied by a Table of Contents and the exhibits must be indexed with tabs which correspond to the Table of Contents. Anytime a party files a motion, response, reply, or other brief with the Court, the party must mail the Court courtesy paper copies of all authority cited in the brief which shall be included in a binder with a table

---

*Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006). As such, Plaintiff's new allegations relating to her retaliation claim are not properly before the Court and the Court declines to consider them; alternatively, to the extent Plaintiff's actions could be considered a motion for leave to amend the Complaint to add these new allegations as a basis for her retaliation claim, the untimely motion is denied in light of the fact that the deadline to amend passed many months ago, there is no good cause for a late amendment, discovery has closed, and the dispositive motion deadline has expired. *See id.*; *Coleman v. Quacker Oats Company*, 232 F.3d 1271, 1292- 95 (9th Cir. 2000).

of contents and exhibit tags corresponding to the authority cited. Such authority includes, but is not limited to, case law, rules, statutes, regulations, and treatises. To the extent case law, rules, statutes, or regulations are cited, the entire case, rule, statute or regulation shall be included in the binder. The case law shall be organized in alphabetical order. To the extent treatises are cited, only the section(s) relied upon shall be included in the binder. As to all of the authority cited which must be included in the binder, the parties shall also tag (with a post-it) the specific page(s) cited in their briefs and highlight (by circling with a pen or using a highlighter) the portion of the case, rule, statute, regulation, or treatise that supports the citations of authority relied upon in their briefs. The parties shall provide the Court with courtesy copies within five business days after a document is filed. If a party fails to submit the required authority binder, the Court may summarily deny or grant a motion as applicable to the party that failed to comply with the authority binder requirement.

(5) If the parties believe that a settlement conference could be fruitful, the Court can set a settlement conference with a Magistrate Judge, the Court can set another settlement conference with the Ninth Circuit Mediators (they will be in Tucson from Oct. 17-21 and Nov. 14-18), or the parties can attend a private mediation; upon filing a notice that the parties wish to explore settlement, the Court will stay all of the deadlines herein pending the outcome of any settlement conference.

DATED this 31st day of August, 2011.

*Frank R. Zapata*
Frank R. Zapata
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| \*, | ) | |
| | ) | |
|     Plaintiff(s), | ) | CV \*\*-\*\*\*-TUC-FRZ |
| | ) | |
|   vs. | ) | **PROPOSED JOINT PRETRIAL ORDER** |
| | ) | |
| \*, | ) | |
| | ) | |
|     Defendant(s). | ) | |
| | ) | |

    Pursuant to the Scheduling Order previously entered, following is the proposed Joint Pretrial Order which shall, upon approval of the Court, become the Final Pretrial Order.

**I.**

**IDENTIFICATION OF PARTIES AND COUNSEL**

**II.**

**STATEMENT OF JURISDICTION**

Briefly state the facts and cite the statutes which give this Court jurisdiction.

## III.

## NATURE OF ACTION

Provide a concise statement of the type of case, the cause of action, and the relief sought.

## IV.

## STIPULATIONS AND UNCONTESTED FACTS

## V.

## CONTESTED ISSUES OF FACT

The following are issues of fact to be tried and determined upon trial.  Each issue of fact must be stated separately and in specific terms, followed by the parties' contentions as to each issue.

Issue:
Plaintiff(s) contends:
Defendant(s) contends:

## VI.

## RELEVANT UNCONTESTED ISSUES OF LAW

(i.e. burdens of proof; standards of review)

## VII.

## RELEVANT CONTESTED ISSUES OF LAW

The following are issues of law to be tried and determined upon trial.  Each issue of law must be stated separately and in specific terms, followed by the parties' contentions as to each issue.

Issue:

Plaintiff(s) contends:

Defendant(s) contends:

## VIII.

## LIST OF WITNESSES

Each party shall provide a list of witnesses intended to be called at trial.  Each witness shall be indicated as either fact or expert.  A brief statement as to the testimony of each expert witness shall also be included.

## IX.

## LIST OF EXHIBITS

Each party shall provide a list of numbered exhibits.  A statement of either UNCONTESTED or CONTESTED shall follow each listed exhibit.  If contested, a brief statement of the objection by the opposing party shall follow the listed exhibit.

(eg - 1. Laboratory Report from the Clinical Immunology Diagnostic Laboratory dated June 15, 2004.  CONTESTED - Relevance, foundation and hearsay.)

## X.

## LIST OF DEPOSITIONS

Portions of depositions that will be read at trial must be listed by page and line number. A statement of either UNCONTESTED or CONTESTED shall follow. If contested, a brief statement of the objection by the opposing party shall follow the listed portion of the deposition to be offered.

## XI. MOTIONS IN LIMINE

Plaintiff(s) have filed the following Motions in Limine:

Defendant(s) have filed the following Motions in Limine:

## XII. JURY TRIAL or BENCH TRIAL

### For a Jury Trial

Trial briefs (only upon request of the Court), proposed voir dire, interrogatories to the jury, stipulated jury instructions and instructions which are not agreed upon, shall be filed 10 days prior to Trial.

### For a Bench Trial

Trial briefs (only upon request of the Court), shall be filed 10 days prior to Trial. Parties are referred to LRCiv 52.1 regarding the filing of proposed findings of fact and conclusions of law.

## XIII.  PROBABLE LENGTH OF TRIAL

## CERTIFICATION

The undersigned counsel for each of the parties in this action do hereby approve and certify the form and content of this proposed Joint Pretrial Order.

_____                    _____
Attorney for Plaintiff(s)                                             Attorney for Defendant(s)

This proposed Joint Pretrial Order is hereby approved as the Final Pretrial Order on this ____ day of _____, 2***.

                                                        _____
                                                        FRANK R. ZAPATA
                                                        United States District Judge