IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margarita Lopez,<br><br>    Plaintiff,<br><br>vs.<br><br>Pima County,<br><br>    Defendant. | No. CV 09-109-TUC-FRZ<br><br>**ORDER** |

Pending before the Court are several motions in limine.[1] For the reasons stated below, the motions are granted in part and denied in part.

**Unopposed Motions in Limine**

A review of the record reflects that Plaintiff's "motion in limine to preclude introduction of evidence related to ACRD mediation" (Doc. 159) and Plaintiff's "motion in limine to exclude collateral source payments" (Doc. 160) are unopposed by Defendant. *See* Doc. 166. As such, these motions (Doc. 159, 160) are granted.

---

[1]This case stems from Plaintiff's claim of ADA discrimination against Pima County. Plaintiff claims that she has a visual disability that limits her ability to see and read, that Pima County was aware of this disability, failed to accommodate her disability, and ultimately fired her due to job performance problems stemming from her disability in violation of the ADA. Plaintiff's claim for damages includes lost wages (front and back pay) and emotional distress. As Magistrate Judge Velasco throughly discussed the factual background of this case in his Report and Recommendation, the Court need not repeat that information in this Order. *See* Doc. 148.

**Defendant's Motion In Limine Pertaining to Damages**

Defendant's motion in limine (Doc. 158) seeks to exclude all damages claimed by Plaintiff as it argues that Plaintiff failed to properly make damages disclosures required by FED.R.CIV.P. 26(a). Defendant argues that Plaintiff failed to disclose any information pertaining to lost benefits, emotional distress, and medical damages, and disclosures pertaining to lost wages were insufficient as they were based on a 5% annual wage increase that is not supported by information disclosed by Plaintiff.

Pursuant to FED.R.CIV.P. 37(c)(1), information that is not properly disclosed pursuant to Rule 26(a) is subject to exclusion unless the failure to properly disclose is substantially justified or harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Although the assessment of every discovery sanction is reviewed for an abuse of discretion, the Ninth Circuit "give[s] particularly wide latitude to the district court's discretion" in evaluating the propriety of sanctions under Rule 37(c)(1). *Id.*

The Court agrees with Plaintiff that the sanctions sought by Defendant are not warranted as it appears that the disclosure lapses were harmless. As a threshold matter, Plaintiff argues that she previously engaged in mediation with Defendant in 2006, and that this process involved an exchange of a written settlement offer that included a specific damages discussion pertaining to lost wages that put them on notice as to the particular damages at issue in this case. In addition, Plaintiff argues that pursuant to her initial disclosures in 2009, she attached documentation reflecting her final pay with Defendant upon termination and the amount of compensation she was earning at her new job. Plaintiff also argues that her supplemental disclosures included tax returns, additional paycheck information reflecting Plaintiff's updated hourly rates, and that Defendant has always been in possession of the pertinent information regarding any increases in Plaintiff's pay had she not been fired in violation of the ADA. In light of the foregoing, Plaintiff argues that Defendant has had the necessary information pertinent to damages in this case for a substantial period of time. Furthermore, Plaintiff argues that she recently filed an updated disclosure statement that details any damages (such as lost wages) that are amenable to a

mathematical computation.[2] As it appears that the discovery problems at issue were harmless, Defendant's motion to exclude all forms of damages is denied. However, to the extent that Defendant believes that it still needs discovery to properly assess damages prior to trial, the Court will allow Defendant to conduct any additional discovery it needs to obviate any potential harm stemming from the discovery lapses at issue. Thus, if Defendant wishes to conduct further discovery, it shall file a request with the Court by no later than 12/9/11 detailing the discovery it still needs, the time frame it needs to complete that discovery, and shall attach a proposed Order granting the relief requested; Defendant's request will likely be granted without permitting any response from Plaintiff as Plaintiff's failure to fully comply with Rule 26(a) necessitated Defendant's motion and the Court's involvement in this matter.

Lastly, the Court notes that Defendant also seeks to exclude any evidence relating to punitive damages as Pima County is immune from punitive damages in a case such as the one at bar; Plaintiff filed a response agreeing with Defendant's position. As such, evidence as to punitive damages shall not be permitted at trial.

**Plaintiff's Motion in Limine Pertaining to Mitigating Devices**

Plaintiff's motion in limine (Doc. 161) seeks to preclude Defendant from introducing any references to mitigating devices that were not available to Plaintiff at the time of Defendant's adverse actions in this case for the purpose of showing that Plaintiff was not a person with a disability. Plaintiff supports her position by citing case law standing for the proposition that only mitigating measures actually employed by a plaintiff to mitigate her condition are considered in evaluating whether a plaintiff is actually limited in a major life activity. *See*, *e.g.*, *Murphy v. United States Postal Service*, 527 U.S. 516, 521 (1999)("The

---

[2]While Plaintiff claims damages for emotional distress in her ninth supplemental disclosure statement ("NSDS"), this appears to be a general form of damages that is not amenable to a mathematical damages computation prior to trial; thus, Plaintiff simply states that emotional distress damages is to be determined by the jury. In addition, according to her NSDS, it appears that Plaintiff is not seeking any medical expenses, and is not claiming damages for lost benefits as she receives comparable benefits at her current job.

1 first question presented in this case is whether the determination of petitioner's disability is
2 made with reference to the mitigating measures he employs. We have answered that question
3 in *Sutton* in the affirmative."); *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482
4 (1999)("[I]f a person is taking measures to correct for, or mitigate, a physical or mental
5 impairment, the effects of those measures—both positive and negative—must be taken into
6 account when judging whether that person is 'substantially limited' in a major life activity
7 and thus 'disabled' under the Act."); *Dobbins v. Postmaster General and CEO, U.S.P.S.*,
8 2007 WL 295215, 814 (D. Me. 2007)("Because I conclude that *Sutton* does not make it
9 appropriate for courts to foreclose disability discrimination claims when post-discrimination
10 treatment alleviates a substantially limiting impairment, I have not relied on the evidence of
11 Dobbins's post-termination surgery and use of breathing apparatus to determine whether or
12 not he qualifies to pursue a disability claim under the Rehabilitation Act. In this case, the
13 Postal Service terminated Dobbins before he obtained the treatment that improves his ability
14 to breathe while sleeping. I therefore conclude that Dobbins presents enough to generate a
15 genuine issue of material fact whether he was disabled at the time of his termination and that
16 this showing suffices to satisfy his prima facie burden."); *E.E.O.C. v. Chevron Phillips
17 Chemical Co., LP*, 570 F.3d 606, 618 (5th Cir. 2009)("In an ADA case, the relevant time for
18 assessing the existence of a disability is the time of the adverse employment action.");
19 *Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1047 (8th Cir. 1999)("The determination
20 of whether an individual is qualified for purposes of the ADA is a two-step process, and
21 should be made as of the time of the employment decision."); *E.E.O.C. v. Centura Health
22 Corp.*, 2007 WL 2788836, *3 (D. Colo. 2007)("Defendant contends that under *Sutton* . . . the
23 proper test is whether Siebert's hearing impairment, as corrected by her hearing aids,
24 substantially limits a major life activity. Defendant argues that, when judged under this
25 standard, Siebert's hearing impairment falls short of a disability. Plaintiffs disagree, arguing
26 that Siebert's condition must be determined as of the time of the alleged discrimination, when
27 Siebert did not use hearing aids . . . I agree with Plaintiffs. In arguing that Siebert's
28 impairment must be judged as mitigated by hearing aids, Defendant relies exclusively on the

reasoning set forth in *Sutton* . . . Defendant incorrectly applies *Sutton*. *Sutton* does not require that mitigating factors be considered when they are not used by plaintiff.")

In its response to Plaintiff's motion in limine, Defendant does not address the cases cited by Plaintiff and does not cite any case law undermining the cases cited by Plaintiff. Plaintiff's motion in limine is granted to the extent that Defendant is generally precluded from introducing any references to mitigating devices that were not available to Plaintiff at the time of Defendant's adverse actions in this case for the purpose of showing that Plaintiff was not a person with a disability. However, as Defendant correctly points out in its response, Plaintiff does not actually identify what devices were or were not available to Plaintiff during the pertinent time in question. Rather, Plaintiff simply states that "it is undisputed that Plaintiff did not receive any of the mitigating measures that were prescribed for her until after Defendant fired her." *See* Motion at p. 3, lines 10-11. However, this appears disputed as Defendant responded that "Defendant believes that Plaintiff was using some mitigating measures during her employment in Pima County. For example, Plaintiff was using prescription eyeglasses." *See* Response at p. 1, lines 23-25. Based on the record before the Court, the Court is unable to determine what mitigation devices were or were not available to Plaintiff at the time of Defendant's adverse action. Thus, Plaintiff's motion in limine is denied to the extent the Court is unable to address any specific mitigation devices.

**Conclusion**

IT IS HEREBY ORDERED as follows:

(1) The motions in limine (Doc. 158,159,160,161) are granted in part and denied in part as discussed in the text of this Order.

(2) The Court shall hold a brief telephonic conference with the parties to discuss mutually agreeable dates for trial, the final pretrial conference, and for submission of proposed jury instructions, voir dire, and verdict forms. The Court has attached an Order from a previous case to give the parties an idea of the requirements as to these issues such that they can plan accordingly. Typically, after a trial date is picked, the pretrial conference is held 30 days before the trial, and the proposed jury instructions, voir dire, and verdict forms are due 30

days before the pretrial conference. The Court notes that since there have been fairly recent changes to definitions of the ADA that are not retroactive as applicable to this case, the parties will presumably have to submit some of the substantive ADA instructions based on the appropriate older versions of the Ninth Circuit Civil Model Jury Instructions. The telephonic conference shall be held before the Court's law clerk (Kevin Rudh) on 12/14/11 at 11:00 a.m.; Plaintiff shall be responsible for calling in (#205-4531) for the conference with all parties on the line.

DATED this 1st day of December, 2011.

Frank R. Zapata
**Senior United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Robert Anthony Fimbrez, | No. CV 07-433-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

On June 2, 2010, the Court held a status conference with the parties to discuss mutually agreeable dates for trial and related issues. Accordingly, IT IS HEREBY ORDERED as follows:

(1) By no later than **September 17, 2010**, the parties shall file: (a) One joint set of stipulated jury instructions that both parties agree are appropriate for trial; a citation to the model jury instruction number or other authority is all that is required in relation to stipulated jury instructions. (b) One joint set of jury instructions that the parties can not agree on. The party advancing a disputed jury instruction shall briefly explain why that instruction is appropriate and cite authority to support the proposed jury instruction. Immediately after the explanation supporting the disputed jury instruction, the opposing party shall briefly explain why that instruction is inappropriate and cite authority to support the opposition. (c) Proposed voir dire. (d) Proposed jury verdict forms. In addition, courtesy copies of all of these documents shall be mailed to chambers (to the extent there are any exhibits, tabs must be included) and Word Perfect[1] (or Word if Word Perfect is not feasible) versions of all of these documents

---

[1] The parties shall not email PDF versions of these documents as the Court is unable to make changes to such documents.

shall be emailed to chambers (zapata_chambers@azd.uscourts.gov). As model instructions are constantly updated, the parties shall refer to the Ninth Circuit website and the State Bar of Arizona website for the most recent versions of the Ninth Circuit Civil Model Jury Instructions and the Revised Arizona Jury Instructions. Model instructions from these websites are searchable and jury instructions can be cut and pasted verbatim from these websites into Word Perfect or Word documents. Model instructions are likely to be adopted by the Court assuming such instructions are applicable under the circumstances whereas non-model instructions (unless stipulated) are less likely to be adopted unless a specific explanation and citation of authority supports the proposed instruction. (e) An Amended Joint Pretrial Statement.

(2) The Pretrial Conference shall be held on **Monday, October 18, 2010 at 10:00 a.m. in Courtroom 5A**. Counsel for the parties shall personally appear in Court at the Pretrial Conference.

(3) The Jury Trial shall begin on **Tuesday, November 16, 2010 at 9:30 a.m. in Courtroom 5A**. Typically, trial days begin at 9:30 a.m. and end at 5:00 p.m. There is one morning recess, lunch, and one afternoon recess. The trial will continue each consecutive weekday until the trial concludes. The parties have indicated that the trial will last approximately two to three days.

DATED this 3rd day of June, 2010.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge